*1236 OPINION.
MilliKEN:
The second issue is disposed of by the provisions of section 1207 of the Revenue Act of 1926 which sustains the determination of the respondent. Appeal of Russel Wheel & Foundry Co., 3 B. T. A. 1168.
The remaining issue concerns the year in which a deduction from income may be taken on account of the loss of an investment by petitioner in the capital stock of another corporation which became insolvent and was liquidated. It is not denied by respondent that a deduction of the cost may be taken for stock which becomes worthless, but respondent contends that the stock under consideration has not been established to have become worthless in 1921. Consequently, he disallowed the deduction of $7,000 claimed.
From the facts it is apparent that at the close of the year 1921, the financial and commercial position of the Gordon Suspender Co. was valueless and hopeless. It had an inventory valued at cost which could not be disposed of except at a great sacrifice. The fair market value of its inventory at the close of the year 1921 was less than 15 per cent of the cost. Its balance sheet showed it to be involved financially. It had defaulted in payments of its current obligations and the petitioner, its selling agent, had advised the Suspender Company that it would no longer sell its product. It was definitely decided in the year 1921 to complete a contract and dissolve. It did this. The respondent is reversed. The stock which petitioner held in the Gordon Suspender Co. represented a total loss in the year 1921. Cf. Joslyn Manufacturing & Supply Co. v. Commissioner, 6 B. T. A. 749; Henry M. Jones v. Commissioner, 4 B. T. A. 1286; J. J. Melick v. Commissioner, 6 B. T. A. 70.
Judgment will be entered on 15 days’ notice, under Rule 50.
Considered by Marquette, Phillips, and VAN FossaN.